IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMAAL ALI BILAL**
 f/k/a/ John L. Burton,
    Petitioner,

vs.                                        Case No. 3:06cv327/RV/MD

**LUCY HADI, Secretary,**
 Florida Department of Children and Families,
    Respondent.
_____

**ORDER and
REPORT AND RECOMMENDATION**

      Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 4). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of the petition and the court's own records, the undersigned concludes that the petition should be dismissed as an unauthorized second or successive petition.

      In this habeas action, petitioner challenges his 1984 sexual battery conviction entered in the Circuit Court of Escambia County, Florida in case number 82-3171. He states his conviction was pursuant to a no contest plea, and that it resulted in three years imprisonment. (Doc. 1, p. 1). Citing *Brock v. Weston*, 31 F.3d 887 (9th Cir. 1994), petitioner argues that although he is no longer "in custody" on the sexual battery conviction, this court should entertain his challenge because the sexual battery conviction was the basis of his present civil commitment under the Jimmy

Ryce Act.[1]  (Doc. 1, p. 1).  Petitioner further states that although he previously filed a § 2254 petition regarding the validity of his sexual battery conviction in *Doe v. Naval Air Station, Pensacola, Fla.*, 768 F.2d 1229 (11th Cir. 1985), he asserted different grounds than those raised here.  (Doc. 1, p. 3).[2]  Petitioner discloses that he applied to the Eleventh Circuit for leave to file a second § 2254 petition, identifying that case as *In re Jamaal Ali Bilal*, No. 06-11662 (11th Cir. Mar. 31, 2006).  He characterizes the Eleventh Circuit's disposition of his application as follows:  "the court inferred that if previous issue was never raised it can be now raised."  (Doc. 1, p. 3).

The case of *Doe v. Naval Air Station, Pensacola, Fla.*, 768 F.2d 1229 (11th Cir. 1985) was not a habeas corpus proceeding.  In *Doe v. Naval Air Station*, petitioner, a former civilian employee of the naval air rework facility of the Pensacola Naval Air Station, filed a civil complaint against the Department of the Navy for violation of the Privacy Act of 1974, 5 U.S.C.A. § 522a.  The lawsuit was predicated on a naval investigative service special agent's disclosure of petitioner's home address and telephone number to a county sheriff in furtherance of the criminal investigation of the sexual battery charge to which petitioner eventually pleaded no contest.  The district court dismissed the case for failure to state a claim upon which relief could be granted.  The United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") held that it did not appear beyond doubt that petitioner could prove no set of facts that would make out the claim he presented against the Naval Air Station, and remanded the case for further proceedings.  *Doe*, 768 F.2d at 1230.  On remand,

---

[1] The "Jimmy Ryce Act" was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators."  Fla. Stat. § 394.910 (2001).  Those convicted of a sexually violent offense and soon to complete their sentence are evaluated under the Act to determine if there is probable cause to believe they may be a "sexually violent predator" under the Act.  *Id.,* §§ 394.912-915.  If so, a judicial hearing is scheduled, and the individual is "held in custody in a secure facility without opportunity for pretrial release or release during the trial proceedings."  *Id.,* § 394.915.  Those found to be sexually violent predators are then "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large."  *Id.,* § 394.917.

[2] In the instant petition, petitioner challenges his 1984 sexual battery conviction on the grounds that it violates the Double Jeopardy Clause, and that his plea was involuntary based on ineffective assistance of counsel.

*Case No: 3:06cv327/RV/MD*

the district court granted the Naval Air Station's motion for directed verdict, and entered judgment against petitioner. *See Doe*, Case Number 3:84cv4231/RV/SMN, docs. 164, 165. Petitioner appealed, but his appeal was dismissed. (*Id.*, docs. 224, 225). As that case did not involve a habeas corpus application, it is irrelevant to the question of whether the instant petition is an unauthorized second or successive petition.

The relevant case, which petitioner has not disclosed, is the habeas corpus proceeding he commenced in this court in 2002 challenging his civil commitment. The court takes judicial notice of its own records in *Bilal v. Regier*, Case Number 3:02cv362/LAC/MD. In that habeas corpus proceeding brought under 28 U.S.C. § 2254, petitioner challenged, among other things, his 1984 sexual battery conviction. He argued that although he was no longer "in custody" on the sexual battery conviction, he satisfied § 2254's "in custody" requirement because that conviction was the "necessary predicate" to his Ryce Act commitment. (*Id.*, doc. 100, pp. 52-53, 56; doc. 176, pp. 52-53). This court agreed, construed the petition as asserting a challenge to petitioner's Ryce Act commitment in the context of his 1984 sexual battery conviction, and denied relief. (*Id.*, doc. 197, pp. 36-40; docs. 205, 206). Petitioner appealed. On June 7, 2005 the Eleventh Circuit denied petitioner's motion for certificate of appealability and dismissed his appeal. (*Id.*, doc. 258). Petitioner later applied to the Eleventh Circuit for leave to file a second or successive habeas petition, indicating that he desired to challenge his 1984 sexual battery conviction. (*Id.*, doc. 266).[3] The Eleventh Circuit denied the application on August 12, 2005. (*Id.*). Petitioner then filed another application in the Eleventh Circuit requesting leave to file a second or successive habeas petition, identifying as his first proposed claim a challenge to his 1984 sexual battery conviction. *See In re Jamaal Ali Bilal*, No. 06-

---

3*See also* http://pacer.ca11.uscourts.gov/dktno.htm.

*Case No: 3:06cv327/RV/MD*

11662-F (11th Cir. Mar. 31, 2006).[4]  The Eleventh Circuit denied the application on March 31, 2006.  (*Id.*).

Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* Rule 9, Rules Governing Section 2254 Cases (2005); *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997).  The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition.  This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition.  *See Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir.)*, cert. denied,* 536 U.S. 980, 123 S.Ct. 15, 153 L.Ed.2d 878 (2002).  For this reason, this case will be dismissed without prejudice.

Accordingly, it is ORDERED:

Petitioner's motion for leave to proceed *in forma pauperis* (doc. 4) is GRANTED.

And it is respectfully RECOMMENDED:

1.  That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE to petitioner refiling it upon receipt of the requisite authorization from the Eleventh Circuit.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 25th day of August, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[4] The undersigned became aware of the March 31, 2006 Order when petitioner attached a copy of it to a § 2254 petition he filed in another case.  *See Bilal v. Hadi*, Case Number 3:06cv224/LAC/MD, Doc. 1, Attach.; *see also* http://pacer.ca11.uscourts.gov/dktno.htm.

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**